On August 6, 1946, at about 7:30 A.M., a collision occurred on the south lane of travel of Louisiana Avenue, which avenue runs east and west, and its intersection thereof by Highway No. 7 (also known as the Varnado Highway) which highway runs north and south, between a Ford automobile being driven and owned by D. W. O'Quinn, in a southerly direction on said highway No. 7, and a 1946 Chevrolet automobile owned by Bogalusa Lumber Company, Inc., and being driven easterly on Louisiana Avenue by its employee, Orion H. Campbell, in the course and scope of his employment. As a result of the accident, Orion H. Campbell sustained injuries from which he died some three hours later, and, although there is no claim therefor, it appears that Mrs. D. W. O'Quinn, who was accompanying her husband, also died from injuries sustained in this accident. It is also shown that D. W. O'Quinn suffered bruises and other minor injuries which are not involved in this case, since no claim is made therefor, and that both vehicles were badly damaged. As a result of the collision this suit was filed on behalf of the widow and minor son of the deceased, Orion H. Campbell, for damages against the New Amsterdam Casualty Company, insurer of D. W. O'Quinn, alleging that the accident and resultant death of Orion H. Campbell were caused solely by the gross negligence of said D. W. O'Quinn; particularly that he was driving his automobile upon the highway carelessly and heedlessly in wilful and wanton disregard of the rights and safety of others; that he was travelling at an excessive rate of speed; that he failed to stop before entering Louisiana Avenue, a right-of-way street under the laws of the City of Bogalusa; that he failed to keep a proper lookout and to observe the automobile driven by Orion H. Campbell, on Louisiana Avenue; that he failed to see, as he should have seen, the automobile driven by Orion H. Campbell; that he failed to stop after he saw, or should have seen the automobile driven by said Orion H. Campbell; that he failed to make any attempt to stop or otherwise avoid the accident; that he saw or should have seen the automobile driven by Orion H. Campbell. *Page 181 
It is further alleged that in consequence of this accident and resultant death of Orion H. Campbell, petitioner, The Bogalusa Lumber Company, Inc., and, in turn, Consolidated Underwriters, by virtue of its policy of employers liability insurance issued to said Bogalusa Insurance Company, Inc., became liable for compensation for medical, hospital and funeral expenses to the said widow and minor child, and said Bogalusa Lumber Company, Inc., has sustained damages to its automobile, and that these two parties should receive, by preference, the respective amounts of damage sustained by them in the accident.
The defendant, in its answer, admitted that the accident occurred and that as a result that the said Orion H. Campbell was injured and that he died from said injuries as alleged. It further admitted that the deceased, Orion H. Campbell, was operating in the course and scope of his employment. It further admitted that it was the insurer of D. W. O'Quinn, with a limited liability. The defendant, however, vigorously denies that its assured, D. W. O'Quinn, was in any way guilty of negligence causing the collision, and avers that the collision was caused solely by the gross negligence of Orion H. Campbell, particularly in driving at an excessive rate of speed, failing to keep a proper lookout for traffic, in running into the automobile of D. W. O'Quinn after the south lane of Louisiana Avenue had been preempted by said D. W. O'Quinn. In the alternative, defendant pleads that even if negligence on the part of its assured, D. W. O'Quinn, should be found, which is denied, then and in that event, the deceased, Orion H. Campbell, was guilty of negligence which contributed to the collision, which bars recovery in this suit. The defendant alleges that its assured, D. W. O'Quinn, had preempted the south lane of Louisiana Avenue in that he was 3/4 across said avenue at the time he was run into by the Campbell car.
The trial court, in accordance with written reasons assigned, came to the conclusion that the Ford car driven by O'Quinn had traversed the north lane of traffic on Louisiana Avenue, as well as that part of the intersection adjacent to the neutral ground, and had gotten half way across the south lane of Louisiana Avenue, at the time the Ford car was hit by the Campbell Chevrolet automobile driven by Mr. Campbell. He concludes, further, that the impact took place at approximately the center of the south lane of Louisiana Avenue, and that the Ford not only preempted the intersection of Louisiana Avenue, but also entered the south lane thereof prior to the entrance of the Chevrolet car driven by the deceased, Mr. Campbell, and that therefore under the circumstances he finds that Mr. Campbell failed to keep a proper lookout and was therefore guilty of contributory negligence which bars recovery of the plaintiffs herein. Accordingly he rendered judgment in favor of the defendant, the New Amsterdam Consolidated Company, and against the plaintiffs herein, dismissing their suit at their costs. Plaintiffs have appealed.
Before this Court, of course, the only question to consider is whether or not the trial judge committed any manifest error in his finding of fact from the evidence that the deceased, Orion H. Campbell, was guilty of any negligence which contributed to the traffic accident in which he met his death. On that all important question, we have the following testimony:
The only eyewitnesses to the accident, according to the record, were Mr. and Mrs. D. W. O'Quinn, who were travelling on the Varnado Road in the Ford automobile, Mr. Campbell driving in the Chevrolet automobile on Louisiana Avenue, and a colored man by the name of Dewey Brumfield, who was engaged in construction work near the southwest corner of these two streets. The lips of Mrs. O'Quinn and Mr. Campbell were sealed in death, hence the only eye-witnesses' testimony is that of Mr. O'Quinn and of Dewey Brumfield.
With reference to Dewey Brumfield's testimony, the trial judge in his written reasons states:
"The only other eye witness to the accident was one Dewey Brumfield, who was working close to the intersection of these two streets, and his testimony shows that the Ford car, driven by O'Quinn, failed to stop at the intersection and was traveling *Page 182 
at a rate of speed of thirty-five (35) to forty (40) miles per hour when it struck the Chevrolet automobile driven by Mr. Campbell. There is a statement in the record, which was signed by Dewey Brumfield and given to the Insurance Adjuster, to the effect that he was not looking at the automobiles immediately prior to the accident, because he was engrossed in his work and that the crash of the cars attracted his attention. Of course, the testimony of Brumfield is at variance with the statement he gave to the Insurance Adjuster. If the crash of the two automobiles is what attracted his attention, he certainly could not have known the speed of the Ford automobile immediately prior to the accident, nor could he have known that the Ford car ran into the Chevrolet car. I am of the opinion that Mr. Brumfield was not paying any attention to the cars immediately prior to the accident, for the very obvious reason that the pictures which have been introduced in evidence unmistakably show that the Chevrolet automobile driven by Mr. Campbell actually ran into the Ford car driven by O'Quinn, rather than the Ford car of O'Quinn running into the Chevrolet being driven by Campbell, as testified to by Brumfield. Thus, the only evidence which the court can consider in reaching a decision in this case is the testimony of O'Quinn, plus the physical facts."
After careful review of the testimony of this witness, we are in full accord with the trial judge's conclusion.
Mr. O'Quinn testifies that he is a man 69 years of age and had been driving an automobile for many years prior to the accident; that he was driving south on Varnado Road (Highway 7) for the second time in his life, and with the intention of turning west on his way to Texas; that when he reached the outskirts of the City of Bogalusa, he slowed down to a rate of speed of about 15 miles per hour and that he, upon reaching Louisiana Avenue, looked to the left and to the right, and seeing no traffic, proceeded to cross Louisiana Avenue at the same speed, and as he reached approximately the center of the south lane, he was struck by the car driven by Campbell on his left side, approximately in the center thereof. According to the map introduced herein, Louisiana Avenue has an over-all width of approximately 100 feet, with ditches on both sides, and a neutral ground between the north lane and the south lane 30 feet wide, and that each lane is paved approximately 14 feet wide, with shoulders of approximately 15 feet. According to the photographs showing Louisiana Avenue and Varnado Highway there are no obstructions at the intersection wherein the collision occurred which would prevent a car from seeing traffic from any direction.
In view of these facts, and the further fact that the witness, Mr. O'Quinn, admits that he was intent upon finding some traffic sign indicating where he was supposed to turn to proceed on his westward journey, it is apparent that he was guilty of negligence, and his negligence is practically conceded in this court. He should have seen the Campbell car approaching if he had been keeping a proper lookout. Nevertheless, the fact remains that he had preempted the south lane of Louisiana Avenue when he was run into by the Campbell car, and the question arises as to whether or not Mr. Campbell was guilty of contributory negligence in that he apparently failed to observe the maneuver of the O'Quinn car until too late to prevent the crash. It seems apparent from the photographs and other evidence of the situs of the accident that Mr. Campbell could easily have seen Mr. O'Quinn's car as he crossed the north lane of Louisiana Avenue, the neutral ground, and as he entered the south lane, and that apparently he never slowed down, but relied on the fact that had the right-of-way and that when he finally realized that the O'Quinn car had entered the south lane, it was too late for him to avoid crashing into it.
Under the facts as herein reviewed, he must conclude that there is no manifest error in the findings of the District Court to the effect that the deceased, Mr. Campbell, was guilty of contributory negligence, and we therefore affirm the judgment. *Page 183